UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:13-CR-00403-LJO-SKO |
|---|---|
| Plaintiff, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 23) |
| v. | |
| GILBERTO ESPARZA-VERA, | |
| Defendant. | |

## I. INTRODUCTION

Gilberto Esparza-Vera ("Defendant"), a prisoner in federal custody, brings a pro se 28 U.S.C. § 2255 motion ("§ 2255 motion") to vacate, set aside, or correct his sentence. For the reasons discussed below, the Court DENIES in part and GRANTS in part Defendant's motion.

## II. BACKGROUND

The United States of America ("the Government") filed a criminal complaint against Defendant

1

alleging that he had violated 8 U.S.C. §§ 1326(a) and (b)(2). Doc. 1. The complaint alleges that on or about October 31, 2013, Defendant was found in the County of Merced, California after having been previously deported on or about July 10, 2001 from the United States, without any indication that Defendant had received the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the country. *Id*. On November 1, 2013, Defendant appeared before Magistrate Judge Gary S. Austin for his initial appearance, at which point Defendant was appointed counsel. Doc. 3. At his initial appearance, the government provided Defendant with a fast track plea offer that expired on December 1, 2013, which, based on Defendant's criminal history, included a two level reduction pursuant to § 5K3.1 of the Sentencing Guidelines. Doc. 31 at 2-3. Defendant's case was assigned to Federal Defender Victor Chavez ("Chavez") on November 5, 2013. Doc. 6. On November 7, 2013, Defendant was indicted for violating 8 U.S.C. §§ 1326(a) and (b)(2). Doc. 7. The indictment alleged that Defendant's deportation was the result of having been convicted of Kidnapping for Ransom and Robbery with a gun in violation of California Penal Code section 209(a), (b) and 122022(a)(1) on February14, 2001 in the Superior Court of California, County of San Diego. *Id*. at 1.

Filed in conjunction with Defendant's arraignment was a Pre-Plea Advisory Guideline Presentence Investigation Report ("PSR") prepared by the United States Probation Office. Doc. 31 at 22. The PSR found Defendant had a dozen prior convictions, placing him in the highest criminal history category. *Id*. at 22-23. On November 15, 2013, an arraignment and plea hearing was held before Magistrate Judge Sheila K. Oberto. Doc. 10. At the hearing, Defendant pled not guilty and reciprocal discovery was requested and ordered. *Id*. Following the arraignment, Chavez initiated a discussion with the government, attempting to negotiate further downward departures on Defendant's PSR due to what appeared to be an overrepresentation of Defendant's criminal history. Doc. 31 at 5.

On November 26, 2013, Defendant signed a retainer agreement with private counsel, Peter Singh ("Singh"). Doc. 31-3. In a letter to the Better Business Bureau of Central California, Singh reported that he attempted to contact Chavez the day the retainer was signed but did not hear back from the Federal Defender's office until December 4, 2013. Doc. 31-3. In a declaration, Chavez stated that he was not contacted by anyone from Singh's office until Amy Birdsong ("Birdsong"), Singh's paralegal, contacted him on December 3, 2013 when she advised Chavez that Singh had been retained as private counsel and sent Chavez a substitution form. Doc. 31-8 at 2. On December 6, 2013, the Court was notified of a substitution of attorney and the Court authorized the substitution four days later. Doc. 14. The Assistant United States Attorney assigned to the case, Mia Giacomazzi, stated in her declaration that she was first contacted by Birdsong on December 17, 2013 and that throughout the case Birdsong was her primary contact. Doc. 31-1 at 2. By the time Singh's office contacted the Government, the fast track plea deal had expired. The government indicated that without good cause, the fast track offer would not be re-opened. Doc. 31 at 6. Singh's office accepted this and presented Defendant with a new settlement agreement which had a base offense level of 8 with an additional 16 points[1] since Defendant had been deported after having been convicted of a crime of violence with a three point reduction for acceptance of responsibility, totaling 21 points, two points higher than the fast track offer. *Id*. at 7.

Defendant accepted this plea offer and pled guilty to a single count of the indictment on January 13, 2014. Doc. 18. Consistent with the plea agreement, Defendant was sentenced to 77 months incarceration. *Id*.

On October 22, 2014, Defendant filed a § 2255 motion to vacate, set aside, or correct his sentence. Doc. 23. Defendant alleges that both Chavez and Singh provided ineffective assistance of

---

[1] Defendant's PSR reported twelve convictions occurring between February 2001 and March 2010. Therefore, Defendant's had a criminal history score of 16 points. This number was reduced to 14 points pursuant to §4A1.1(c) of the Sentencing Guidelines. Two points, however, were added to Defendant's score as he was on probation at the time that the instant offense occurred, returning Defendant's criminal history score to 16. Doc. 31 at 4.

3

counsel. *Id*. Defendant alleges that Chavez failed to properly investigate Defendant's reported criminal history as reported in the PSR. Specifically, Defendant believes that Chavez should have attempted to dispute some of his convictions the records of the convictions from Merced County were destroyed. *Id* at 10. Defendant also alleges that Chavez did not attempt to remove the criminal history points added to Defendant's criminal history score due to convictions based on pleas of nolo contendere. *Id* at 5-6. Defendant alleges that Singh failed to object to his criminal history score on the grounds that his kidnapping offense was included in both his base offense level and his criminal history and the fact that he spent less than a year in prison for his prior felony charge. Additionally, Defendant alleges that Singh provided ineffective counsel by failing to preserve Defendant's fast track plea option. *Id* at 11 and 15.

On February 19, 2015, the government responded arguing that Chavez acted effectively as counsel as he thoroughly investigated Defendant's criminal history and there is no legal basis for excluding from Defendant's criminal history convictions resulting from pleas of nolo contendere. Doc. 31 at 9-13. The Government further argued that Singh acted as effective counsel when determining Defendant's criminal history score, but conceded it was unreasonable for Singh to delay his representation allowing the fast track offer to expire. *Id*. at 13-21. The Government agrees with Defendant that he suffered prejudice when Singh allowed Defendant's fast track offer to expire, as he lost the opportunity to have his criminal history score lowered by two points, which would have resulted in a sentencing recommendation of 63 month instead of 77 months. *Id*. at 21. The Government proposed that the Court either appoint Defendant counsel to conduct an evidentiary hearing, or, alternatively, resentence Defendant to 63 months, the amount of time offered in the original fast track plea agreement. *Id*. at 22. In his reply[2] filed on March 12, 2015, Defendant states "the Defendant will not oppose a re-

---

[2] The Court did not authorize Defendant's reply. Doc. 34. However, as Defendant filed a reply stating his intention to accept the solution proposed by the Government and does not offer any new evidence or arguments the Court accepts Defendants Reply.

4

sentence of 63 months in this action if this Honorable Court sees it as a just and fair resolution to this matter." Doc. 35 at 1.

As both parties are in agreement that a fair and justice resolution of this § 2255 motion would result in Defendant's sentence being reduced to 63 months the Court will only briefly discuss Defendant's other arguments.

### III. DISCUSSION

**A.     Legal Standard of Ineffective Assistance of Counsel**

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe,* 151 F.3d 1226, 1229 (9th Cir.1998.). In *Strickland v. Washington,* the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984). Establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen,* 633 F.3d 852, 862 (9th Cir.2011) (citing *Strickland,* 466 U.S. at 688). "Where… a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771 (1970). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v. Richter,* 562 U.S. 86 (2011). A court need not determine whether counsel's performance was deficient before examining

the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland,* 466 U.S. at 697.

The Supreme Court has held that "the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the *Strickland* test echoes the standard of attorney competence set forth *McMann. Id.* at 58–59; *see also, Tollett v. Henderson,* 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann."* ). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

**B.    Ineffective of Counsel by Chavez**

Defendant alleges that Chavez provided ineffective assistance of counsel because he failed to properly investigate Defendant's prior criminal history as some of Defendant's criminal history record had been destroyed. Doc. 23 at 10. Due process requires that a defendant's sentence be based on accurate information. *Roberts v. United States*, 445 U.S. 552, 556 (1980). "A district court may consider any relevant information provided that the information has sufficient indicia of reliability to support its probable accuracy." *United Sates v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (internal citation and quotation omitted). Generally, a RAP sheet provides the Court with reliable information. *Id*. When original criminal records are destroyed, the Ninth Circuit has allowed district courts to base sentencing judgments on computerized criminal history records provided by the probation department. *United States v. Marin-Cuevas*, 147 F. 3d 889, 894 (9th Cir. 1998).

6

Defendant's contention that Chavez failed to investigate Defendant's prior history score because he was unable to obtain destroyed records is without merit. Chavez requested discovery and was in communication with the Government regarding Defendant's criminal history. Doc. 10 and Doc. 31-1. Even though Chavez was unable to obtain the destroyed records from Merced County, Chavez had been provided with reliable information regarding Defendant's prior convictions, including Defendant's RAP sheet and probation's PSR report. Doc. 31-8.

Defendant next contends that Chavez's representation was ineffective because he failed to object to the inclusion of Defendant's nolo contendere convictions in Defendant's criminal history score. Doc. 23 at 8. It is well settled that California law treats a plea of nolo contendere as equivalent to a guilty plea. *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010). As such these convictions were properly included in Defendant's criminal history score and there was no objection to be made. *Cantillanos-Medina v. United States*, No. 1:11-CR-00441-LJO, 2012 WL 5906553, at *3 (E.D. Cal. Nov. 26, 2012) (ruling criminal convictions based on pleas of nolo contendere were properly included in a defendant's criminal history score).

As Chavez properly investigated Defendant's criminal history and had no basis upon which to object to the inclusion of Defendant's nolo contendere conviction, Chavez's performance did not fall below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Therefore Defendant has not successfully made a claim for ineffective assistance of counsel as to Chavez.

**C.     Ineffective Assistance of Counsel by Singh**

Defendant alleges that Singh provided ineffective assistance of counsel because he failed to object to Defendant's kidnapping conviction being included in both the criminal history calculation and the offence level. Doc. 23 at 10-11. The sentencing guidelines make clear that a crime of violence which is taken into account when determining a Defendant's offense level score does not preclude the Court

from also including it as part of his criminal history. United States Sentencing Guidelines (USSG) § 2L1.2 n. 6. *See also, United States v. Luna-Herrera*, 149 F. 3d 1054, 1055 (9th Cir. 1998) ("This note makes clear that the aggravated felony that was the basis for a sixteen point increase in defendant's base offense level also may be used in the calculation of the defendant's criminal history score.").

Defendant next alleges that Singh provided ineffective assistance of counsel because he failed to object to Defendant receiving a 16 level enhancement rather than 12 level due to the fact that defendant served less than 13 months incarcerated for his state conviction of kidnapping. Doc. 23 at 13. Federal Sentencing Guidelines provide level enhancement based not on the amount of time a defendant was incarcerated but on felony convictions and aggravated felony convictions. USSG § 2L1.2. As kidnapping is a crime of violence with a specific offense characteristic, it merits a 16 point enhancement. *Delgado-Hernandez v. Holder*, 697 F. 3d 1125, 1133 (9th Cir. 2012); § 2L1.2(b)(1)(a)(ii). As Defendant's criminal history score is not related to the amount of time he was incarcerated, no reasonable attorney would have made an objection. Defendant's criminal history score was properly calculated, therefore Singh could not have brought any reasonable objections.  In regards to the above allegations, the Court finds that Singh provided effective counsel.

Defendant's final allegation of ineffective assistance of counsel alleges that Singh provided ineffective assistance of counsel because he failed to timely request that the government preserve the proposed fast track offer. Doc. 23 at 15. It is undisputed that Singh did not contact the government during the fast track period even though he was retained prior to its expiration. Doc. 31 at 17. The government and Defendant agree that in this aspect Singh's performance "fell below an objective standard of reasonableness." *Stanley,* 633 F.3d at 862. Doc. 31 at 18-19. Prejudice is established as Defendant would have benefited from the additional two point departure. *Id*. at 19.

To remedy the prejudice suffered by Defendant due to Singh deficient performance, the

Government has agreed that the Defendant should be resentenced to the initial fast track offer of 63 months. The Court agrees and resentences Defendant to 63 months incarceration. All other provisions of Defendant's sentence remain unchanged.

**D. Certificate of Appealability**

A defendant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a defendant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a defendant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a defendant must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id*. The Court finds that Defendant have not made a substantial showing of the denial of a constitutional right as to his claims regarding his criminal history score. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Defendant's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1.     GRANTS Defendant's § 2255 motion to vacate, set aside, or correct sentence in part and resentences Defendant to 63 months incarceration. The Court does not amend any other portion of

Defendant's sentence; and.

2. The Court will correct the sentence by way of an Amendment that will not require Defendant to be transported to Court, since both sides agree to this conclusion. The Amendment will be to change the custody time from the months given, to 63 months. All other aspects of the sentence remain unchanged.

3. DECLINES to issue a certificate of appealability as to any other outstanding claims.

IT IS SO ORDERED.

Dated: __**March 23, 2015**__              ____/s/ Lawrence J. O'Neill__
                                            UNITED STATES DISTRICT JUDGE