UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO ESPARZA-VERA,<br><br>Defendant. | No. 1:13-cr-00403-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>(Doc. No. 41) |

On March 9, 2016, defendant Gilberto Esparza-Vera filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 41.) In that motion defendant did not collaterally attack his conviction but rather challenged only the calculation of the advisory sentencing guideline range under the United States Sentencing Guidelines and the sentence imposed upon him following that calculation. (*Id.*) On October 7, 2016, the government filed its opposition. (Doc. No. 56.) Defendant filed a reply on November 1, 2016. (Doc. No. 58.)

While the motion was under submission, the court was made aware of information indicating that defendant may have completed the terms of his sentence. Accordingly, the court directed the government to file briefing addressing whether defendant had served the terms of his sentence and whether, in its view, defendant's motion was therefore moot. (Doc. No. 62.) The government responded on May 2, 2019. (Doc. No. 63.) The government's response indicated

1

that because the defendant was released from custody on May 25, 2018, and because his sentence did not include a term of supervised release (*see* Doc. No. 37), his motion is now moot. (Doc. No. 63 at 1–2.)

Having reviewed the matter, the court agrees that because defendant has completed the terms of his sentence, his § 2255 motion has been rendered moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998); *see also Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir.1990), abrogated on other grounds by *Spencer v. Kemna*, 523 U.S. 1 (1998) (§ 2255 motion becomes moot upon prisoner's release from custody unless motion demonstrates adverse collateral consequences from challenged sentence or conviction); *United States v. Ubah*, No. CR S-01-0071 LKK DAD P, 2009 WL 3806256, at * (E.D. Cal. Nov. 12, 2009) (where a § 2255 motion challenges only the sentence imposed it becomes moot upon the completion of the sentence).

For these reasons,

1. Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 41) is denied as having been rendered moot;
2. All other pending motions in this case (Doc. Nos. 51, 55, 59, 60 & 61) are denied as moot; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 8, 2019**

UNITED STATES DISTRICT JUDGE